[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16338
Non-Argument Calendar

_____

Agency Nos. A97-629-770
and A97-210-056

NORA PENA,
ANA VIRGINIA PENA-PENA,

                                                      Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                      Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 17, 2006)**

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Nora Pena and her minor child Ana Pena (collectively "petitioners"), natives

and citizens of Venezuela, petition for review of the final order of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") removal order and denial of asylum and withholding of removal under the Immigration and Naturalization Act ("INA"), 8 U.S.C. §§ 1158, 1231.[1]

On appeal, Pena argues that she presented substantial evidence to support her application for asylum and withholding of removal because (1) she and her neighbors, upon leaving a protest, were threatened by members of the Circulos Bolivarianos ("CB"), who support President Hugo Chavez; (2) she received threatening phone calls from unidentified individuals, who she believed were members of the CB because of the derogatory name that they called her; and (3) once, after leaving work, she was slapped by a woman who claimed to be a member of the CB. Pena maintains that the CB targeted her because of her political affiliation with the Accion Democratica Party ("DAP"), which opposes Chavez. Pena asserts that she established a well-founded fear of future persecution because (1) she protested against Chavez; (2) the CB are aware of her affiliation with the DAP; and (3) her opponents have shown that they are capable of harming

---

[1] As an initial matter, Pena did not raise any argument regarding the IJ's denial of her application for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment pursuant to 8 C.F.R. § 208.16(c). Therefore, Pena has abandoned that issue. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam) (holding that where an appellant fails to raise arguments regarding an issue on appeal, the issue is deemed abandoned).

2

her because the woman slapped her. Pena avers that the threat against her from Chavez's party is country wide, which precludes internal relocation. She also maintains there is a clear probability that she will be persecuted if she returns to Venezuela because her cousin received a threatening call and her home was vandalized by Chavez's supporters after Pena left for the United States. Finally, Pena claims that the IJ erred in making an adverse credibility finding because it was based on immaterial and slight differences in dates.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." *Id.* To the extent that the BIA's and IJ's decision was based on a legal determination, our review is de novo. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA and IJ's factual determinations are reviewed under the substantial evidence test, and we must affirm the "decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar*, 257 F.3d at 1283-84 (quotation omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The Attorney General may grant asylum if the alien meets the INA's definition of a "refugee." 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. *Al Najjar*, 257 F.3d at 1284. To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); *Al Najjar*, 257 F.3d at 1287. "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of [some statutorily listed factor]." *Al Najjar*, 257 F.3d at 1287 (quotations omitted). We have held that "persecution," as used to illustrate that an alien has suffered "past

4

persecution," is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." *Sepulveda*, 401 F.3d at 1231 (quotations and alterations omitted).

If the alien establishes past persecution, it is presumed that her life or freedom would be threatened upon return to the country of removal unless the government shows by a preponderance that the country's conditions have changed such that the applicant's life or freedom would no longer be threatened or that the alien could relocate within the country and it would be reasonable to expect her to do so. *Id.*; 8 C.F.R. §§ 208.13(b), 208.16(b). An alien who has not shown past persecution may still be entitled to asylum if he can demonstrate a future threat to her life or freedom on a protected ground in her country. 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2). To establish a "well-founded fear," an applicant must show that she has a fear of persecution in her home country and that "[t]here is a reasonable possibility of suffering such persecution if he or she were to return to that country." 8 C.F.R. § 208.13(b)(2)(i). Further, "an applicant must demonstrate that h[er] fear of persecution is subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289.

To qualify for withholding of removal under the INA, an alien must show that it is more likely than not that if returned to her country, the alien's life or

freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). "An alien bears the burden of demonstrating that [s]he more-likely-than-not would be persecuted or tortured upon h[er] return to the country in question." *Mendoza*, 327 F.3d at 1287. Generally, where an alien fails to meet the "well-founded fear" standard for establishing asylum eligibility, the alien cannot establish the higher burden for withholding of removal. *Al Najjar*, 257 F.3d at 1292-93.

Even if the IJ's adverse credibility determination was erroneous, Pena has failed to establish that she and her daughter were eligible for asylum. As we have stated many times, persecution is an "extreme concept." *See, e.g., Sepulveda*, 401 F.3d at 1231. In *Sepulveda*, we held that the death threats that the petitioner and her family repeatedly received over the phone were not enough to rise to the level of persecution. *Id.* at 1229, 1231. Similarly, phone calls like those received by Pena involving name-calling and general threats to "watch out" or "take care," even coupled with a slap to the face and being threatened during a protest, do not rise to the level of persecution. Pena thus has failed to establish that the evidence she presented before the IJ *compelled* a finding of past persecution or fear of future persecution, and she is not eligible for asylum.

Likewise, Pena has failed to establish eligibility for withholding of removal,

which generally requires a greater showing than eligibility for asylum. *Al Najjar*, 257 F.3d at 1292-93. Accordingly, we deny the petition for review.

**PETITION DENIED.**